IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-cv-40025-SMY ) |
| DAVID D. WEATHERALL, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant David D. Weatherall filed a *pro se* motion seeking relief under *Rehaif v. United States*, 139 S.Ct. 914 (2019) and/or *United States v. Davis*, 139 S.Ct. 2319 (2019) (Doc. 57). The Court appointed the Federal Public Defender's Office to evaluate Weatherall's claim and to either file an Amended Petition on his behalf or a motion to withdraw as counsel (Doc. 58).

Now pending before the Court is Assistant Federal Public Defender Melissa Day's Motion to Withdraw in which she asserts that Weatherall has no meritorious basis for obtaining relief under *Rehaif* or *Davis* (Doc. 65). Weatherall has not responded to the motion. For the following reasons, the Motion to Withdraw is **GRANTED** and Weatherall's Motion seeking relief under *Rehaif* and/or *Davis* is **DENIED**.

## Factual and Procedural Background

Weatherall pled guilty to two counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951 (Counts 1 and 3) ("Hobbs Act"), one count of aiding and abetting the brandishing of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2), and one count of brandishing a firearm during a crime of violence in violation of

924(c)(1)(A)(ii) (Count 4) (Docs. 35, 36). Regarding Count 2, Weatherall stipulated that: "Unindicted Co-conspirator #1 entered the store, pointed a black handgun at the store cashier, and demanded money from the cash register. Weatherall served as lookout at the front door while Unindicted Co-conspirator #1 was robbing the convenience store" (Doc. 36). As to Count 4, Weatherall stipulated that he "came back into Biggies dressed in black and wearing a ski mask. He pointed a gun at the cashier and demanded money . . ." *Id.* In March 2016, Weatherall was sentenced to one month on each of Counts 1 and 3 to be served concurrently, 84 months on Count 2 to be served consecutively to Counts 1 and 3, and 300 months on Count 4 to be served consecutively to Count 2, for a total sentence of 385 months' imprisonment (Docs. 41, 42).

## Discussion

In *Rehaif v. United States*, 139 S.Ct. 2191 (2019), the Supreme Court held that to obtain a conviction under § 922(g), which prohibits certain categories of persons from possessing a firearm, the Government must prove "that the defendant knew that he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Here, *Rehaif* is inapplicable because Weatherall was not convicted of being a felon in possession of a firearm.

In *Davis*, the Supreme Court held that the residual claus*e* of the definition of violent felony in § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2324. A crime may be considered a "crime a violence" only if it is brought under the elements clause*. Id.* at 2353. "Crime of violence" is defined in two subparts: the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). Under the elements clause, "crime of violence" is an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A).

The Seventh Circuit has held that interference with commerce by robbery under 18 U.S.C. § 1501 is a crime of violence under the elements clause of § 924(c)(3). *See Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019) ("Hobbs Act robbery is a categorical crime of violence under § 924(c) because it has as an element the actual, attempted, or threatened use of force"); *United States v. Anglin*, 846 F.3d 954, 964–65 (7th Cir. 2017) (holding that Hobbs Act Robbery constitutes a "crime of violence" within the meaning of § 924(c)(3)(A)). Similarly, aiding and abetting the commission of a Hobbs Act robbery qualifies as a crime of violence. *See United States v. Brown*, 973 F.3d 667 (7th Cir. 2020), *cert. denied,* No. 20-6527, 2021 WL 161131 (U.S. Jan. 19, 2021). As such, Weatherall is not entitled to relief under *Davis*.

## Conclusion

For the foregoing reasons, Assistant Federal Public Defender Melissa Day's Motion to Withdraw (Doc. 65) is **GRANTED**; Weatherall's Motion seeking relief *Rehaif* and/or *Davis* (Doc. 57) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 13, 2022**

**STACI M. YANDLE**
**United States District Judge**